**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTIE SUTLOVICH,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LVNV FUNDING, LLC,**<br><br>**Defendant.** | **ELECTRONICALLY FILED**<br><br>**Case No.: 2:24-cv-01739-WSS**<br><br>**District Judge William S. Stickman** |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

Plaintiff, Christie Sutlovich, by and through her undersigned counsel, J.P. Ward & Associates, LLC, respectfully moves this Honorable Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR 56, and in support thereof avers as follows:

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant LVNV Funding, LLC's ("LVNV") failure to communicate the disputed status of Plaintiff's alleged debt to consumer reporting agencies after receiving written dispute notice through counsel.

2. Plaintiff alleges that LVNV violated 15 U.S.C. § 1692e(8) by furnishing credit reporting concerning Plaintiff's alleged consumer debt without communicating that the debt was disputed, despite receiving written dispute notice.

3. Discovery is complete, and the undisputed record establishes that there is no genuine dispute of material fact as to LVNV's liability for violating 15 U.S.C. § 1692e(8).

4. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

5. The undisputed record establishes Plaintiff is a "consumer," and the obligation at issue constitutes a "debt," within the meaning of the FDCPA. 15 U.S.C. § 1692a(3), (5).

6. The undisputed record establishes LVNV is a "debt collector" within the meaning of the FDCPA. 15 U.S.C. § 1692a(6).

7. The undisputed record establishes Plaintiff, through counsel, provided written dispute notice disputing the alleged LVNV debt and demanding that LVNV report the disputed status of any tradelines it furnished. (PCSMF ¶¶ 38–43).

8. The undisputed record establishes LVNV, through its servicing structure, received Plaintiff's dispute notice. (PCSMF ¶ 44).

9. The undisputed record establishes that after receiving Plaintiff's dispute notice, LVNV furnished or updated credit reporting to TransUnion concerning Plaintiff's alleged debt without reporting the debt as disputed. (PCSMF ¶¶ 51–53).

10. Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

11. Section 1692e(8) specifically prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

12. The undisputed record establishes LVNV violated 15 U.S.C. § 1692e(8) as a matter of law.

13. To the extent LVNV attempts to avoid liability through the bona fide error defense, LVNV bears the burden of proving each element of that affirmative defense. 15 U.S.C. § 1692k(c).

14. The undisputed record forecloses the bona fide error defense under 15 U.S.C. § 1692k(c) because LVNV cannot establish that any violation "was not intentional and resulted from

a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

15. Because there is no genuine dispute of material fact and Plaintiff is entitled to judgment as a matter of law, the Court should enter Summary Judgment in Plaintiff's favor and against Defendant LVNV Funding, LLC on liability.

16. Plaintiff incorporates by reference the factual and legal arguments set forth in Plaintiff's Brief in Support of this Motion for Summary Judgment and Plaintiff's Concise Statement of Material Facts, as though fully stated herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Summary Judgment in her favor and against Defendant LVNV Funding, LLC, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

**J.P. WARD AND ASSOCIATES, LLC**

Date: January 16, 2026

By: Alexander C. DiBucci

Alexander C. DiBucci, Esq.
(Pa I.D. No. 336800)
Joshua P. Ward, Esq.
(Pa I.D. No. 320347)
J.P. Ward and Associates, LLC
The Rubicon Building
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Email: adibucci@jpward.com
Direct: 412-760-0329

*Counsel for Plaintiff*